# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOSEPH JOHNSON,

    Plaintiff,                    Case No.
                                          Hon.

V

COUNTY OF KALAMAZOO,
DEPUTY CHANTEL EINHARDT, and
CAPTAIN MICHELLE GREENLEE,

    Defendants.

---

Geoffrey N. Fieger (P30441)
David A. Dworetsky (P67026)
*Fieger, Fieger, Kenney*
*& Harrington, PC*
Attorneys for Plaintiff
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555
d.dworetsky@fiegerlaw.com

_____

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES, Plaintiff, JOSEPH JOHNSON, by and through his attorneys, *FIEGER, FIEGER, KENNEY & HARRINGTON, P.C.*, and for his Complaint and Jury Demand against the above-named Defendants, states:

## JURISDICTION

1. This action arises under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments to the United States Constitution and under the laws of the United States, particularly under the Civil Rights Act, 42 U.S.C. §§ 1983 and 1988, and under the statutes and common law of the State of Michigan.

2. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4) and 42 U.S.C § 1983.

3. The amount in controversy exceeds seventy-five thousand dollars, excluding interests, costs, and attorney fees.

## VENUE

4. Venue lies in the Western District of Michigan pursuant to 28 U.S.C § 1391(d), the events took place in the City of Kalamazoo, County of Kalamazoo, State of Michigan, which is located within the jurisdiction of the United States District Court for the Western District of Michigan, Southern Division.

## PARTIES

5. At all times relevant to this lawsuit, Plaintiff, JOSEPH JOHNSON, (hereinafter "Plaintiff JOHNSON") was an inmate of Kalamazoo County Jail, in the City of Kalamazoo, County of Kalamazoo, State of Michigan.

6. At all times relevant hereto, DEPUTY CHANTEL EINHARDT, (hereinafter "EINHARDT") was a citizen of the State of Michigan and was acting under the color of state law within the course and scope of her employment as a deputy for the County of Kalamazoo Jail.

7. At all times relevant hereto, CAPTAIN MICHELLE GREENLEE, (hereinafter "GREENLEE") was a citizen of the State of Michigan and was acting under the color of state law within the course and scope of her employment for the County of Kalamazoo Jail.

8. At all times relevant hereto, Defendant COUNTY OF KALAMAZOO ("Kalamazoo County") was a municipal corporation, duly organized in carrying on governmental functions in the County of Kalamazoo, State of Michigan, and one of the functions was to organize, operate, staff, train, and supervise the jail operations at the Kalamazoo County Jail.

9. KALAMAZOO COUNTY is responsible for, and does in fact, hire, train, supervise, and instruct deputies, Kalamazoo County Jail officers, and jail staff of all grades in the performance of their duties.

## FACTUAL STATEMENT

10. Plaintiff hereby reincorporates and reasserts each and every allegation set forth in the previous paragraphs of this Complaint.

11. On or about February 14, 2020, at approximately 3:25 p.m., Plaintiff, JOHNSON, was in the intake holding area of the Kalamazoo County Jail, in Kalamazoo, Michigan, waiting to be transferred to general population housing.

12. At all times relevant hereto, Plaintiff, JOHNSON, grabbed his sheets and blanket from intake and proceeded to walk out of intake and towards the general population.

13. At all times relevant hereto, Defendant, EINHARDT, and Deputy Harris, were escorting Plaintiff, JOHNSON, towards general population.

14. At all times relevant hereto, Plaintiff, JOHNSON, was walking on the right side of the hallway ahead of Defendant, EINHARDT, and Deputy Harris.

15. Upon information and belief, Defendant, EINHARDT, instructed Plaintiff, JOHNSON, to slow down and wait for Defendant, EINHARDT, and Deputy Harris.

16. At all times relevant hereto, Deputy Sootsman was escorting two inmates and walking on the left side of the hallway in the same direction as Plaintiff, JOHNSON, and Defendant, EINHARDT, and Deputy Harris.

17. At all times relevant hereto, as Plaintiff, JOHNSON, walked past the other inmates Deputy Sootsman stopped Plaintiff, JOHNSON, and asked him why he didn't slow down when asked by Defendant, EINHARDT.

18. At all times relevant hereto, Deputy Sootsman started yelling at Plaintiff, JOHNSON, telling Plaintiff to "look him in the eye when he's talking to him."

19. At all times relevant hereto, Plaintiff, JOHNSON, calmly replied in a normal voice, "I am."

20. At all times relevant hereto, Deputy Sootsman immediately grabbed Plaintiff, JOHNSON, by the throat and slammed Plaintiff against the wall.

21. At all times relevant hereto, Defendant, EINHARDT, stood by and observed the unconstitutional use of excessive force upon Plaintiff,

JOSEPH JOHNSON, by Deputy Sootsman and unlawfully failed to intervene to protect Plaintiff.

22. At all times relevant hereto, Defendant, EINHARDT, instead of intervening as to Deputy Sootsman, grabbed Plaintiff JOHNSON's arm and pulled Plaintiff to the ground as Deputy Sootsman placed a lateral neck restraint (rear chokehold) around Plaintiff's neck.

23. At all times relevant hereto, Plaintiff, JOSEPH JOHNSON, was unarmed and was not a threat to Defendant EINHARDT.

24. At all times relevant hereto, Plaintiff, JOHNSON, never resisted.

25. Defendant, EINHARDT, violated Plaintiff's clearly established right to be free from unreasonable and excessive use of force as guaranteed by the Eighth Amendment and the Fourteenth Amendment of the United States Constitution.

26. The conduct of the Defendant, EINHARDT, was and remains extreme and outrageous, subjecting them to punitive damages.

27. The misconduct of Defendant, EINHARDT, directly and proximately caused Plaintiff, JOSEPH JOHNSON's, injuries as set forth herein.

## COUNT I
## FAILURE TO INTERVENE TO PREVENT VIOLATION OF PLAINTIFF'S EIGHTH AND
## FOURTEENTH AMENDMENT RIGHTS
## DEFENDANT DEPUTY CHANTEL EINHARDT

28. Plaintiff hereby reincorporates and reasserts each and every allegation set forth in the previous paragraphs of this Complaint.

29. Defendant, EINHARDT, had a duty to intervene when Deputy Sootsman and violated Plaintiff's rights under the Eight and Fourteenth Amendments to the United States Constitution and 42 U.S.C. 1983.

30. Defendant, EINHARDT, observed and/or had reason to know that excessive force was being inflicted upon Plaintiff.

31. Defendant, EINHARDT, had the opportunity and means to intervene and prevent the violation of Plaintiff's constitutional rights.

32. Defendant, EINHARDT, failed to intervene which resulted in the infliction of excessive force and punishment upon Plaintiff in violation of Plaintiff's constitutionally protected rights.

33. Defendant, EINHARDT, instead of intervening, grabbed Plaintiff JOHNSON's arm and pulled Plaintiff to the ground as Deputy Sootsman placed a lateral neck restraint hold (rear chokehold) around Plaintiff's neck.

34. The misconduct of Defendant, EINHARDT, directly and proximately caused Plaintiff, JOSEPH JOHNSON, to suffer numerous injuries including, but not limited to:

    a. Neck strain;
    b. Right wrist sprain;
    c. Pain and suffering;
    d. Anxiety;
    e. Mental anguish;
    f. Emotional distress;
    g. Fright and shock;
    h. Humiliation and/or mortification;
    i. Economic loss;
    j. Punitive damages;
    k. Exemplary damages;
    l. Attorneys fees and costs pursuant to 42 U.S.C. §1988;
    m. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and
    n. Any other damages allowed by law.

35. The acts and/or omissions of Defendant, EINHARDT, were willful, wanton, reckless, malicious, oppressive, and/or done with a conscious or reckless disregard for the constitutional rights of Plaintiff, JOHNSON. Plaintiff therefore requests an award of punitive and exemplary damages. Plaintiff has retained private counsel to represent him in this matter and is entitled to an award of attorney fees and costs.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in his favor against Defendants and award an amount in

excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

## COUNT II
## FAILURE TO TRAIN, INADEQUATE POLICIES and/or PROCEDURES, CUSTOMS, AND PRACTICES, AND FAILURE TO SUPERVISE – DELIBERATE INDIFFERENCE
## DEFENDANTS, COUNTY OF KALAMAZOO
## and CAPTAIN MICHELLE GREENLEE

36. Plaintiff hereby reincorporates and restates each and every allegation contained in the preceding paragraphs of this Complaint as if set forth herein.

37. Pursuant to 42 USC § 1983, as well as the Fourth and Fourteenth Amendments to the United States Constitution, Defendants, CAPTAIN MICHELLE GREENLEE, and KALAMAZOO COUNTY, owed Plaintiff, JOSEPH JOHNSON certain duties to properly supervise, monitor, and train its officers to ensure they did not engage in unwilful, unlawful and dangerous behavior.

38. Defendants breached these duties via its and/or absence thereof its policies, procedures, regulations, customs and/or lack of and/or inadequate training, and thus exhibited a deliberate indifference toward Plaintiff, when Defendant:

   a. Failed to staff the force with competent officers;

b. Failed to train the force so that it would be staffed by competent officers;

c. Failed to provide training and/or adequate training to its officers for the proper use of force upon inmates at the jail;

d. Failed to provide training and/or adequate training to its officers to ensure the proper execution of policies, procedures, regulations, and/or customs to not use excessive force upon inmates at the jail;

e. Failed to provide training and/or adequate training to its officers to recognize the use of excessive force upon inmates at the jail;

f. Failed to provide training and/or adequate training to its officers to recognize that when observing/having reason to believe that excessive force and punishment was being inflicted upon Plaintiff without a legitimate goal and/or justification, and having the opportunity and means to prevent the excessive force and punishment and/or violation of the rights of Plaintiff from occurring, there is a duty to act;

g. Failed to have policies, procedures, regulations, and customs in place to monitor and/or adequately supervise its officers to ensure the wellbeing of Plaintiff;

h. Failed to supervise its officers to ensure that its policies, regulations, procedures, and customs, are being properly executed and that specifically, Plaintiff's, constitutional rights are being protected;

i. Failed to have policies, procedures, regulations and customs in place to properly train and/or discipline officers not to use excessive force;

j. All other breaches of duty identified in deposition testimony and/or answers to interrogatories and/or all other discovery, all of which is hereby adopted by reference; and

k. Any and all breaches that become known through litigation.

39. The misconduct of Defendants, directly and proximately caused Plaintiff, JOSEPH JOHNSON, to suffer numerous injuries including, but not limited to:

    a. Neck strain;
    b. Right wrist sprain;
    c. Pain and suffering;
    d. Anxiety;
    e. Mental anguish;
    f. Emotional distress;
    g. Fright and shock;
    h. Humiliation and/or mortification;
    i. Economic loss;
    j. Punitive damages;
    k. Exemplary damages;
    l. Attorneys fees and costs pursuant to 42 U.S.C. §1988;
    m. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and
    n. Any other damages allowed by law.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in his favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

Respectfully submitted,

***Fieger, Fieger, Kenney & Harrington, P.C.***

<u>*/s/ David A. Dworetsky*</u>
By: David A. Dworetsky (P67026)
Attorneys for Plaintiff
19390 W. 10 Mile Road
Southfield, MI 48075
(248) 355-5555
d.dworetsky@fiegerlaw.com

Dated: February 6, 2023

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOSEPH JOHNSON,

    Plaintiff,

V

COUNTY OF KALAMAZOO,
DEPUTY CHANTEL EINHARDT, and
CAPTAIN MICHELLE GREENLEE,

    Defendants.

Case No.
Hon.

_____

Geoffrey N. Fieger (P30441)
David A. Dworetsky (P67026)
*Fieger, Fieger, Kenney*
*& Harrington, PC*
Attorneys for Plaintiff
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555
d.dworetsky@fiegerlaw.com
_____

## **DEMAND FOR TRIAL BY JURY**

Plaintiff, JOSEPH JOHNSON, by and through his attorneys, *FIEGER, FIEGER, KENNEY & HARRINGTON, P.C.*, hereby demands a trial by jury in the above-captioned matter.

Respectfully submitted,

***Fieger, Fieger, Kenney & Harrington, P.C.***

<u>*/s/ David A. Dworetsky*</u>
By: David A. Dworetsky (P67026)
Attorneys for Plaintiff
19390 W. 10 Mile Road
Southfield, MI 48075
(248) 355-5555
d.dworetsky@fiegerlaw.com

Dated: February 6, 2023