UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH JOHNSON,

                 Plaintiff,                                Hon. Jane M. Beckering

v.                                               Case No. 1:23-cv-138

COUNTY OF KALAMAZOO, et al.,

                 Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Joseph Johnson has sued Defendant Chantel Einhardt pursuant to 42 U.S.C. § 1983, alleging that she violated his Eighth and Fourteenth Amendment rights in connection with an incident that occurred on February 14, 2020, at the Kalamazoo County Jail, where Einhardt was employed as a deputy. Johnson also sued Captain Michelle Greenlee and the County of Kalamazoo pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978), alleging a claim of failure to train/inadequate policies, procedures, customs, and practices/failure to supervise.

Presently before me is Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 11), which is fully briefed and ready for decision. Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court **GRANT** Defendants' motion and dismiss the complaint with prejudice.

### I.  Background

This case calls for a textbook application of both prongs of the doctrine of res judicata: claim and issue preclusion. *See GMAC Mort., LLC v. McKeever*, 651 F. App'x 332, 339 (6th Cir. 2016) (citing *Mitchell v. Chapman*, 343 F.3d 811, 818 n.5 (6th Cir. 2003)). As noted above, Johnson alleges federal claims based on an incident that occurred on February 13, 2020, while he

was incarcerated in the Kalamazoo County Jail. Johnson filed a previous action in this Court based on the same incident, *Johnson v. Sootsman*, No. 1:20-cv-1102 (W.D. Mich.) (*Johnson* I).

The facts pertaining to the incident are fully set forth in the July 1, 2022 Report and Recommendation issued in *Johnson I* (*Johnson I*, ECF No. 58), and need not be repeated here in substantial detail. Briefly stated, however, in *Johnson I*, Johnson sued Deputy Clair Sootsman, Defendant Einhardt, and Deputy Taliah Harris. Plaintiff alleged that as he, Deputies Sootsman, Einhardt, and Harris, and other prisoners were walking down a hallway in the jail, Deputy Sootsman stopped Johnson to lecture him for not following Einhardt's commands. As Johnson turned to continue walking down the hallway before Deputy Sootsman had finished, Deputy Sootsman applied force in Johnson's chest/neck area. Deputy Einhardt reacted by helping to get Johnson to the ground so that he could be handcuffed. (*Johnson I*, ECF No. 58 at PageID.946.) Deputy Harris, who was further away, was not physically involved in the incident. (*Id.* at PageID.58.) Johnson alleged that Deputies Sootsman and Einhardt violated the Eighth Amendment by using excessive force on him and that Deputy Harris violated the Eighth Amendment by failing to intervene.[1] I concluded that: (1) Deputy Sootsman did not use force that violated the Eighth Amendment and, alternatively, Johnson failed to show that Sootsman violated clearly established law; (2) Deputy Einhardt did not violate Johnson's rights, nor did she violate clearly established law; and (3) Deputy Harris did not fail to intervene as she had no reason to believe that Sootsman intended to use force on Johnson and had no opportunity to prevent the use of force. (*Id.* at PageID.941–47.) The Court adopted these findings and conclusions over Johnson's objections.

---

[1] Although Johnson referred to both the Eighth and Fourteenth Amendments in his complaint (*Johnson I*, ECF No. 1 at PageID.5, 7–8), in his response to the defendants' motions for summary judgment, he relied on Eighth Amendment excessive force cases (although as noted in the Report and Recommendation, he erroneously relied on some Fourth Amendment cases which clearly had no application to the circumstances). (*Id.*, ECF No. 51 at PageID.583, 585.)

2

(*Id.*, ECF No. 62.) Johnson appealed the judgment to the Sixth Circuit, where the matter remains pending. (*Id.*, ECF No. 64.)

On or about October 2, 2022, after the judgment in *Johnson I* was entered, Johnson filed an action in the Kalamazoo County Circuit Court against the County and Sootsman (*Johnson II*). (ECF No. 11-2.) Johnson alleged a cause of action against Sootsman for assault and battery. He also alleged that the County was vicariously liable for Sootsman's actions (as well as Einhardt's and Harris's actions even though they were not sued) based on Sections 11 and 16 of the Michigan Constitution. The County moved for summary disposition, arguing that the Michigan Constitution does not provide a damage remedy for violations by a local government and, alternatively, that Johnson's claims were barred by collateral estoppel because this Court already determined in *Johnson I* that Johnson's federal constitutional rights were not violated. (ECF No. 11-3 at PageID.82.) The state court granted the County's motion on the first ground and did not address collateral estoppel. (ECF No. 11-6 at PageID.147–48.) The court entered the order granting the motion and dismissing the case on February 6, 2023.[2]  (ECF No. 11-5 at PageID.126–27.) Johnson did not appeal the order to the Michigan Court of Appeals.

Johnson filed his complaint in this action on February 6, 2023. (ECF No. 1.) On February 8, 2023, recognizing that this action is a refiling of *Johnson I*, the Court administratively reassigned it to the Honorable Jane M. Beckering in the interests of judicial economy and to conserve judicial resources. (ECF No. 7.) Defendants filed the instant motion to dismiss on March 1, 2023.

## II.  Motion Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to

---

[2]  The parties stipulated to dismiss Sootsman from the case without prejudice. The dismissal was by separate order entered on January 25, 2023. (ECF No. 11-5 at PageID.124–25.)

raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

### III.   Discussion

Defendants assert that dismissal is warranted because Johnson's claims are barred by claim and issue preclusion arising from the judgment in *Johnson I*. They further contend that the judgment in *Johnson II* provides a separate basis to apply res judicata under Michigan law. Defendants further contend that Einhardt is entitled to qualified immunity and that Johnson fails to state a claim against the County and Greenlee.

4

A.    **Claim and Issue Preclusion—***Johnson I*

Because the judgment in *Johnson I* was rendered in federal court, the preclusive effect is determined by federal common law. *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008); *see also* Restatement (Second) of Judgments § 87 ("Federal law determines the effects under the rules of res judicata of a judgment of a federal court."). The doctrine of claim preclusion provides that if an action results in a judgment on the merits, that judgment operates as an absolute bar to any subsequent action on the same cause between the same parties or their privies with respect to every matter that was actually litigated in the first case, as well as every ground of recovery that might have been presented. *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994); *see Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 467 n.6 (1982); *Bowen v. Gundy*, No. 96-2327, 1997 WL 778505, at * 1 (6th Cir. Dec. 8, 1997). Claim preclusion operates to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, prevent inconsistent decisions, and encourage reliance on adjudication. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Claim preclusion applies when: (1) the previous lawsuit ended in a final judgment on the merits; (2) the previous lawsuit was between the same parties or their privies; and (3) the previous lawsuit involved the same claim or cause of action as the present case. *Allen*, 449 U.S. at 94; *accord Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).

"Issue preclusion . . . bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Taylor*, 553 U.S. at 892. Issue preclusion applies where: (1) the identical issue was raised and actually litigated in a prior proceeding; (2) the determination of the issue was necessary to the outcome of the prior proceeding; (3) the prior proceeding resulted in a final judgment on the merits; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior proceeding. *Aircraft Braking Sys. Corp. v.*

5

*Local 856, Int'l Union, United Auto., Aerospace & Agric. Implement Workers, UAW*, 97 F.3d 155, 161 (6th Cir. 1996).

All of the requirements for claim and issue preclusion are met with regard to Johnson's claim against Defendant Einhardt.[3] As for claim preclusion, there is no question that the claims in this case and those in *Johnson* I arose from the very same incident and focus on the same facts. Second, Einhardt was a defendant in *Johnson* I. Third, the fact that Johnson now claims that Einhardt failed to intervene is of no moment. Johnson could and should have raised this theory in *Johnson I*. Finally, *Johnson I* resulted in a final judgment on the merits. The fact that the judgment is now on appeal does not diminish its preclusive effect. *Commodities Export Co. v. U.S. Customs Serv.*, 957 F.2d 223, 228 (6th Cir. 1992); *see also Smith v. S.E.C.*, 129 F.3d 356, 362 n.7 (6th Cir. 1997) ("The fact that Smith has an appeal of that judgment pending does not deprive the judgment of res judicata effect."); *Jaffree v. Wallace*, 837 F.2d 1461, 1467 (11th Cir. 1988) (noting that "[t]he established rule in the federal courts is that a final judgment retains all of its res judicata consequences pending decision of the appeal.").

Regarding issue preclusion, as already noted, *Johnson I* resulted in a final decision on the merits. Second, Johnson had a full and fair opportunity to litigate the issues in *Johnson I*. Third, *Johnson I* determined several issues that were necessary to that decision and are preclusive in this action, including: (1) Johnson had been sentenced prior to being booked into the jail and his claim

---

[3] Defendants correctly point out that Johnson's failure to respond to the arguments regarding Defendant Einhardt may be deemed an abandonment of that claim (ECF No. 14 at PageID.341). *See Cahoo v. SAS Institute Inc.*, No. 17-10657, 2020 WL 4700822, at *3 (E.D. Mich. Aug. 11, 2020) ("Where a party fails to respond to an argument in a motion to dismiss 'the Court assumes he concedes this point and abandons the claim.'" (quoting *PNC Bank, Nat'l Ass'n v. Goyette Mech. Co.*, 88 F. Supp. 3d 775, 785 (E.D. Mich. 2015))); *Burke v. Morgan*, No. 06-CV-348-JMH, 2009 WL 514314, at *2 (E.D. Ky. Mar. 2, 2009) (noting that when a plaintiff fails to respond to a motion to dismiss, a court may treat such failure as a knowing abandonment of the claim).

6

was thus subject to Eighth Amendment analysis (*Johnson* I, ECF No. 58 at PageID.933, 937); (2) Sootsman's use of force did not violate the Eighth Amendment (*Id.* at PageID.944); (3) Einhardt had no reason to expect that Sootsman would use force and simply reacted to it by trying to get Johnson to the ground so that he could be handcuffed. (*Id.* at PageID.946.) These conclusions are fatal to the failure-to-intervene claim against Einhardt because an underlying constitutional violation is required. *See Hunt v. Sunquist*, 822 F. App'x 468, 478–79 (6th Cir. 2020) ("If no excessive force was used, Ashcraft cannot be responsible for failing to intervene."). The conclusion that Einhardt had no reason to believe that Sootsman would use force is likewise fatal to the instant claim. *See Floyd v. City of Detroit*, 518 F.3d 398, 406 (6th Cir. 2008) (failure-to-intervene claim requires that the defendant "had reason to know that excessive force would be or was being used"). Thus, the claim against Einhardt should be dismissed for these reasons.[4]

Turning to the County and Greenlee, I find no need to address claim preclusion because issue preclusion clearly bars the *Monell* claim. As already discussed, all of the elements are met. Defendants' absence from *Johnson I* is irrelevant. " Mutuality between the parties is not required in defensive collateral estoppel cases so long as 'the plaintiff has had a full and fair opportunity to litigate the contested issue previously.'" *Georgia-Pacific Consumer Prods. LP v. Four-U-Packaging, Inc.*, 701 F.3d 1093, 1098–99 (6th Cir. 2012) (quoting *McAdoo v. Dallas Corp.*, 932 F.2d 522, 523 (6th Cir. 1991)); *Flexiworld Techs., Inc. v. Lexmark Int'l, Inc.,* No. 5:22-97, 2023 WL 2573872, at *4 (E.D. Ky. Mar. 20, 2023) ("Under federal law, a defendant may raise defensive nonmutual issue preclusion." (quoting *Funk-Vaughn v. Rutherford Cnty.*, No. 3:18-cv-01311, 2019 WL 4727642, at *3 (M.D. Tenn. Sept. 27, 2019))). Based on the previous conclusion that no defendant violated Johnson's constitutional rights, the *Monell* claim fails for lack of an underlying

---

[4] I find no need to address Defendants' separate qualified immunity argument.

constitutional violation. *See Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) ("There can be no liability under *Monell* without an underlying constitutional violation." (citing *Scott v. Clay Cnty.*, 205 F.3d 867, 879 (6th Cir. 2000))).

### B.      Res Judicata—*Johnson II*

The judgment in *Johnson II* also supports application of res judicata under Michigan law as to the claim against the County and Defendant Greenlee. "The res judicata effect of a state-court judgment in federal court is governed by the Full Faith and Credit Act, 28 U.S.C. § 1738." *Young v. Twp. Of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006) (citing *Smith, Hinchman & Grylls, Assocs., Inc. v. Tassic*, 990 F.2d 256, 257 (6th Cir. 1993)). Section 1738 generally requires "federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Haring v. Prosise*, 462 U.S. 306, 313 (1983) (quoting *Allen*, 449 U.S. at 94). Under Michigan law, the doctrine of res judicata "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Washington v. Sinai Hosp. of Greater Detroit*, 478 Mich. 412, 418 (2007) (Mich. 2007). Michigan courts construe the doctrine "as applying both to claims actually raised in the prior action and to 'every claim arising out of the same transaction which the parties, exercising reasonable diligence, could have raised but did not.'" *Limbach v. Oakland Cnty. Bd. of Road Comm'rs*, 226 Mich. App. 389, 396 (1997) (quoting *Sprague v. Buhagiar*, 213 Mich. App. 310, 313 (1995)).

Once again, all the requirements for preclusion are present. *Johnson II* was decided on the merits, Johnson sued the County in that case, and there is no reason why Johnson could not have asserted his *Monell* claim during that litigation. In fact, because the trial court determined that *Jones v. Powell*, 462 Mich. 329 (2000)—which held that an individual may not sue a municipality for damages under the Michigan Constitution but recognized that Section 1983 provides a remedy

8

against municipalities in state of federal court—is still good law (ECF No. 11-6 at PageID.146), the possibility of a *Monell* claim in that case should have been readily apparent. Finally, although Defendant Greenlee was not a party in *Johnson II*, she is in privity with the County, as the only basis for a claim against her in the complaint is an official capacity claim because Johnson wholly fails to allege her personal involvement in the incident. *See Adair v. State*, 470 Mich. 105, 122 (2004) (noting that for privity to exist, "a perfect identity of the parties is not required, only a 'substantial identity of interests' that are adequately presented and protected by the first litigant").

### C.    Deficient Claim—County and Greenlee

Last, although the claims against the County and Greenlee should be dismissed for the reasons set forth above, it is worth noting that Johnson's *Monell* claim against the County and Greenlee is also deficient under applicable pleading standards. The Sixth Circuit has held that the Supreme Court's decisions in *Twombly* and *Iqbal* apply to municipal liability claims asserted under *Monell*. *See Bailey v. City of Ann Arbor*, 860 F.3d 382, 388–89 (6th Cir. 2017); *Rayfield v. City of Grand Rapids*, 373 F. Supp. 3d 962, 977 (W.D. Mich. 2018) ("Conclusory assertions [of a policy or custom] are not enough to state a *Twombly* plausible *Monell* claim."). Johnson's *Monell* claim fails under the *Twombly/Iqbal* standard because it consists of nothing more than conclusions; no actual facts are alleged. *See Sistrunk v. City of Hillview*, 545 F. Supp. 3d 493, 499–501 (W.D. Ky. Apr. 23, 2021) (dismissing similarly deficient *Monell* claim and noting that "the law does not allow a plaintiff to subject the government to litigation and discovery merely by asserting that a policy or custom exists"). In fact, given Johnson's assertion in moving to amend in *Johnson* I that he had uncovered an evidentiary basis for a *Monell* claim after reviewing Defendant Sootsman's discovery responses (*Johnson* I, ECF No. 55 at PageID.908), one might expect that his *Monell*

claim here would have some factual substance, but it does not. Accordingly, the claim against the County and Defendant Greenlee may also be dismissed on this ground.[5]

## IV. Conclusion

For the reasons set forth above, I recommend that the Court **grant** Defendants' Motion to Dismiss (ECF No. 11) and dismiss the complaint **with prejudice**.

Dated: April 21, 2023                              /s/ Sally J. Berens
                                                  SALLY J. BERENS
                                                  U.S. Magistrate Judge

## NOTICE TO PARTIES

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

---

[5] Johnson requests in his response that this action be stayed pending a decision by the Sixth Circuit in *Johnson I*. (ECF No. 13 at PageID.155–56, 169–70, 174.) Given Johnson's failure to file a separate motion for a stay supported by pertinent caselaw, I find no need to address this request.