UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH JOHNSON,

    Plaintiff,                           Hon. Jane M. Beckering

v.                                             Case No. 1:23-cv-138

COUNTY OF KALAMAZOO, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Presently before me is Defendants' Motion for Sanctions and Attorney's Fees Pursuant to 28 U.S.C. § 1927 and 42 U.S.C. § 1988 (ECF No. 18), which has been referred for a report and recommendation pursuant to 28 U.S.C. § 636(b)(3). Plaintiff has filed a response. (ECF No. 20.) Pursuant to 28 U.S.C. § 636(b)(3), I recommend that the motion be **GRANTED IN PART AND DENIED IN PART**, awarding fees under Section 1988 but denying fees under Section 1927 and the Court's inherent power.

### I. Background

At this juncture, the Court and the parties are thoroughly familiar with the factual and procedural background of this action and the related prior actions. Nonetheless, to give context to the analysis, I set forth the pertinent background from the April 21, 2023 Report and Recommendation in this case:

> [I]n *Johnson I*, Johnson sued Deputy Clair Sootsman, Defendant Einhardt, and Deputy Taliah Harris. Plaintiff alleged that as he, Deputies Sootsman, Einhardt, and Harris, and other prisoners were walking down a hallway in the jail, Deputy Sootsman stopped Johnson to lecture him for not following Einhardt's commands. As Johnson turned to continue walking down the hallway before Deputy Sootsman had finished, Deputy Sootsman applied force in Johnson's chest/neck area. Deputy Einhardt reacted by helping to get Johnson to the ground so that he could be

> handcuffed. (*Johnson I*, ECF No. 58 at PageID.946.) Deputy Harris, who was further away, was not physically involved in the incident. (*Id.* at PageID.58.) Johnson alleged that Deputies Sootsman and Einhardt violated the Eighth Amendment by using excessive force on him and that Deputy Harris violated the Eighth Amendment by failing to intervene. I concluded that: (1) Deputy Sootsman did not use force that violated the Eighth Amendment and, alternatively, Johnson failed to show that Sootsman violated clearly established law; (2) Deputy Einhardt did not violate Johnson's rights, nor did she violate clearly established law; and (3) Deputy Harris did not fail to intervene as she had no reason to believe that Sootsman intended to use force on Johnson and had no opportunity to prevent the use of force. (*Id.* at PageID.941–47.) The Court adopted these findings and conclusions over Johnson's objections. (*Id.*, ECF No. 62.) Johnson appealed the judgment to the Sixth Circuit, where the matter remains pending. (*Id.*, ECF No. 64.)
>
> On or about October 2, 2022, after the judgment in *Johnson I* was entered, Johnson filed an action in the Kalamazoo County Circuit Court against the County and Sootsman (*Johnson II*). (ECF No. 11-2.) Johnson alleged a cause of action against Sootsman for assault and battery. He also alleged that the County was vicariously liable for Sootsman's actions (as well as Einhardt's and Harris's actions even though they were not sued) based on Sections 11 and 16 of the Michigan Constitution. The County moved for summary disposition, arguing that the Michigan Constitution does not provide a damage remedy for violations by a local government and, alternatively, that Johnson's claims were barred by collateral estoppel because this Court already determined in *Johnson I* that Johnson's federal constitutional rights were not violated. (ECF No. 11-3 at PageID.82.) The state court granted the County's motion on the first ground and did not address collateral estoppel. (ECF No. 11-6 at PageID.147–48.) The court entered the order granting the motion and dismissing the case on February 6, 2023. (ECF No. 11-5 at PageID.126–27.) Johnson did not appeal the order to the Michigan Court of Appeals.

(ECF No. 15 at PageID.349–50 (footnotes omitted).)

Plaintiff filed his complaint in this action on February 6, 2023. He alleged a failure-to-intervene claim against Defendant Einhardt and *Monell* claims against Defendant Captain Michelle Greenlee and the County of Kalamazoo. On April 21, 2023, I issued a Report and Recommendation recommending that Defendants' motion to dismiss this action be granted because *Johnson I* provided the bases for claim and issue preclusion of the claim against Defendant Einhardt and the basis for issue preclusion on the *Monell* claim against the County and Greenlee; *Johnson II* provided the basis for res judicata under Michigan law as to the *Monell* claims against Greenlee

2

and the County; and the *Monell* claim was subject to dismissal on the independent ground that it consisted of nothing more than legal conclusions. (*Id.* at PageID.353–57.) On May 8, 2023, the Court adopted the April 21, 2023 Report and Recommendation without objection. (ECF No. 16 and 17.)

## II.  Discussion

Defendants move for a sanction in the form of attorney's fees and expenses against Plaintiff pursuant to 42 U.S.C. § 1988. In addition, Defendants seek an award of fees and expenses against Plaintiff's counsel pursuant to the Court's inherent power to sanction a party that exhibits bad faith litigation conduct and pursuant to 28 U.S.C. § 1927 for unreasonably and vexatiously multiplying the proceedings.[1]

### A.  Applicable Law

#### 1.  Section 1988

A court has discretion to allow the prevailing party in a suit under Section 1983 "a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Fee awards to prevailing plaintiffs and prevailing defendants under Section 1988 are subject to different standards. Attorney fees are usually awarded to prevailing plaintiffs as a matter of course, except in special circumstances, whereas prevailing defendants will be awarded attorney fees in only the most extreme and egregious cases of misconduct. *See Roane v. City of Mansfield*, No. 98-4560, 2000 WL 1276745, at *1 (6th Cir. Aug.28, 2000). Attorney fees may be awarded to prevailing defendants only when the plaintiff's claim "was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978); *see also Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (applying the *Christiansburg*

---

[1] Although Defendants sent a letter to Plaintiff's counsel pursuant Federal Rule of Civil Procedure 11(c)(2) (ECF No. 18-1), Defendants do not seek sanctions under Rule 11 in their motion.

standard for Title VII claims to attorney's fee awards under Section 1988). Courts "must resist the urge to engage in 'post hoc reasoning' and the 'hindsight logic' of concluding a suit is without foundation because the plaintiff ultimately does not prevail." *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 183 (6th Cir. 1985) (quoting *Christiansburg*, 434 U.S. at 421–22). Thus, a court should assess fees against the plaintiff only if "the court finds the claim was groundless at the outset or 'that the plaintiff continued to litigate after it clearly became so.'" *Id.* A court must inquire "into the plaintiffs' basis for bringing suit," as the determination whether an award is proper "will depend on the factual circumstances of [the] case." *Id.* Finally, a showing of bad faith is unnecessary, but such a finding would justify an award. *Id.*

### 2. Section 1927

Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. A court may impose sanctions under Section 1927 "when an attorney has engaged in some sort of conduct that, from an objective standpoint, 'falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.'" *Holmes v. City Massillon*, 78 F.3d 1041, 1049 (6th Cir. 1996) (quoting *Rathbun v. Warren City Sch.*, (*In re Ruben* ), 825 F.2d 977, 984 (6th Cir. 1987)). While a finding of bad faith is not necessary under Section 1927, *see Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997), an attorney's misconduct "must amount to more than simple inadvertence or negligence that has frustrated the trial judge." *Holmes*, 78 F.3d at 1049.

### 3. Court's Inherent Power

It is well established that courts have the inherent power to regulate the conduct of parties and lawyers who appear before them. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). Under this power, sanctions are appropriate "when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.* at 45 (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59 (1975)). In other words, a court may impose sanctions under its inherent power only upon a finding of bad faith or "conduct 'tantamount to bad faith.'" *Youn v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980)). The Sixth Circuit requires the following findings to support an award of attorney's fees under the bad faith standard: (1) "the claims advanced were meritless"; (2) "that counsel knew or should have known that the claims were meritless"; and (3) "the claims were pursued for an improper purpose." *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 314 (6th Cir. 1997) (quoting *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1375 (6th Cir. 1987)). A party's conduct that amounts to bad faith "often automatically satisfies the improper purpose prong of the *Big Yank* test." *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 752 (6th Cir. 2010) (citing *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 517 (6th Cir. 2002)).

### B. Application

Turning first to Defendants' request for fees and expenses under Section 1988, I find that the circumstances warrant an award to Defendants. While the legal claims themselves might not have been groundless from the outset, the application of res judicata arising from both *Johnson I* and *Johnson II* was clear, resulting in a dismissal at the pleading stage. These circumstances distinguish this case from *Dubuc v. Green Oak Twp.*, 312 F.3d 736 (6th Cir. 2002), in which the Sixth Circuit reversed the district court's award of attorney's fees under Section 1988 because "the

5

claim preclusion issue was not clear cut," and the case "survived for many years under two different judges." *Id.* at 755. At the time he filed his complaint, Plaintiff should have recognized that *Johnson I* barred his failure-to-intervene claim against Defendant Einhardt and that the Court's finding of no constitutional violation by Defendant Sootsman barred any *Monell* claim against the County and Greenlee. Similarly, Plaintiff should have recognized that *Johnson II* barred the *Monell* claim against the County and Greenlee, as that claim was based on the same evidence and transaction as the claim asserted against the County in *Johnson II*. *See Gentry v. Wayne Cnty.*, No. 10-cv-11714, 2013 WL 12180801, at *6–8 (E.D. Mich. July 2, 2013) (concluding that Michigan's version of res judicata barred the plaintiff's Section 1983 excessive force claims against police officer based on the judgment rendered on prior state-law claims arising out of the same incident but did not bar the plaintiff's *Monell* claim against the county defendants, who were not parties to the prior state-court action). Plaintiff's articulated reason for filing this action—to preserve his *Monell* claim prior to the expiration of the statute of limitations in the event the Sixth Circuit reversed this Court's judgment in *Johnson I* (ECF No. 20 at PageID.397)—still does not explain why he included a separate claim against Defendant Einhardt that was clearly barred. Plaintiff was denied leave to amend to assert his *Monell* claim in *Johnson I*, and he could have filed a separate action against the County and Greenlee asserting his *Monell* claim at any point during the more than six months between the denial of his motion for leave to amend and entry of the judgment in *Johnson I* without running afoul of claim or issue preclusion. But Plaintiff has not adequately explained why he waited until after the judgment entered in *Johnson I*, and after he asserted his state-law claim in *Johnson II*, before filing the instant action. In this regard, the present circumstances are analogous to those in *Yinger v. City of Dearborn*, No. 96-2384, 1997 WL 735323 (6th Cir. Nov. 18, 1997), in which the Sixth Circuit affirmed an award of fees under

6

Section 1988 because the plaintiff's claims were barred by res judicata arising from prior a state-court action. *Id.* at \*4–5. Even though Plaintiff's *Monell* claim and his failure-to-intervene claim against Einhardt were not litigated in the two prior cases, res judicata (claim and issue preclusion) still barred those claims in this action. *Id.* at \*5.[2]

Next, Section 1927 provides no basis for an award here because counsel's only activity in this case was filing the complaint, which initiated, but could not have multiplied, the proceedings. As noted in *Beverly v. Shermeta Law Group*, PLLC, 2:19-CV-11473, 2020 WL 2556674, at \*1 (E.D. Mich. May 20, 2020), courts have held that Section 1927 "does not permit an attorney's fee award based on the filing of Plaintiff's initial complaint." *See Wyatt v. Life Instrument Corp.*, No. S-10-2607, 2011 WL 2936012, at \*2 (E.D. Cal. July 18, 2011) ("As an initial matter, defendant is precluded from seeking sanctions under Section 1927 because the conduct that is the subject of the instant motion is plaintiffs' filing of the complaint in this case.") (citing *In re Keegan Mgmt. Co. Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996) ("Because the section authorizes sanctions only for the multiplication of proceedings, it applies only to unnecessary filings and tactics once a lawsuit has begun." (internal quotation marks and alterations omitted))). While one might argue that these decisions are distinguishable because the instant case is the third complaint the plaintiff filed, nonetheless Section 1927's reference to multiplication of "proceedings in any case" suggests limiting consideration to the case currently before the Court.

---

[2] In *Yinger*, the court cited *Alizadeh v. Safeway Stores, Inc.*, 910 F.2d 234, 238 (5th Cir. 1990), for the proposition that a court may consider a plaintiff's ability to pay in an appropriate case. *Yinger*, 1997 WL 735323, at \*6. While the Fifth Circuit indicated that a court should consider a plaintiff's financial condition in fixing the amount of an award, it also noted that the plaintiff must affirmatively raise the issue and support the assertion with an affidavit or other evidence. *Alizadeh*, 910 F.2d at 239 n.7. Here, Plaintiff has neither timely raised the issue of his ability to pay nor supported a claimed inability with an affidavit or other evidence.

Finally, I conclude that an award of sanctions under the Court's inherent power is not appropriate. The first two requirements of the *Big Yank* test are met. That is, the claims asserted in this case were clearly meritless because they were barred by res judicata, and counsel knew or should have known that res judicata barred the claims. However, I find no factual basis to conclude that the claims were asserted for an improper purpose. There is ample basis to conclude that counsel missed the mark, and was perhaps negligent, in not asserting the claims herein at an earlier time, but nothing indicates bad faith conduct in filing this action.

### C. Fee Award

Defendants seek a total award of $8,468.85, consisting of $106.05 for the transcript of proceedings in *Johnson II* and $8,362.80 in attorney's fees. The fee request is based on 27.6 hours of work performed at an hourly rate of $303. Although Defendants admit that counsel's actual billing rate was $190, they contend that a higher market rate is warranted by counsel's years of practice and experience. (ECF No. 18 at PageID.369.) Plaintiff disputes the amount of the fee request, but not the $106.05 for the transcript.

In determining reasonable attorney fees, courts apply the lodestar method. *See Kissinger, Inc. v. Singh*, 304 F. Supp. 2d 944, 953 (W.D. Mich. 2003). "'The primary concern in an attorney fee case is that the fee awarded be reasonable,' that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock–Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (quoting *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)). The starting point in the analysis is the "lodestar figure," which is the product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *See Wayne v. Vill. of Sebring*, 36 F.3d 517, 531 (6th Cir.1994) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Duplicative and unnecessary hours should be excluded from the total

8

number of reasonable hours. *Northcross v. Board of Educ. of Memphis City Schs.*, 611 F.2d 624, 636–37 (6th Cir. 1979).

I begin with the reasonable hourly rate. As noted, although Defendants concede that counsel's actual billing rate was $190, they contend that a higher rate is appropriate based on evidence of prevailing rates in the local community, including information from the State Bar of Michigan Economics of Law Practice Survey. (ECF No. 18 at PageID.368–69.) As set forth in *Garber v. Shiner Enterprises., Inc.*, No. 1:06-CV-646, 2007 WL 4557857 (W.D. Mich. Dec. 2007), a court may consider a variety of sources of information in determining a reasonable rate:

> The reasonable hourly rate in the community may be established through proof of rates charged in the community under similar circumstances as well as opinion evidence of reasonable rates. Other relevant sources include the attorney's actual billing rate and fee awards from prior cases. Finally, a court may determine a reasonable rate based upon its own expertise and judgment.

*Id.* at *1 (citations omitted). Here, I conclude that a rate of $190 is adequate under the circumstances. As noted above, the primary concern in determining an appropriate fee is that the fee be sufficient to attract competent counsel without resulting in a windfall. *Adcock–Ladd*, 227 F.3d at 349. Because this is the rate that competent counsel has agreed to accept for performing work in this case, it is the most appropriate measure of a reasonable fee. I also consider that, although Plaintiff did not argue an inability to pay, as a practical matter he likely has minimal financial resources with which to satisfy a fee award. Thus, an increase in the hourly rate is not warranted.

Turning to the number of hours of work performed by counsel, Plaintiff's only objection is that the 6.2 hours counsel spent on preparing Defendants' motion for sanctions is excessive, as

the brief appears to be from a brief bank and the cases cited therein are distinguishable.[3] Plaintiff offers no evidence supporting his assertion that Defendants recycled their brief from a brief bank. Nonetheless, given that Defendants failed to demonstrate that fees should be assessed against counsel pursuant to Section 1927 or the Court's inherent power, I conclude that the time spent on the brief should be reduced by two hours to account for these unsuccessful arguments. Therefore, I find 25.6 hours to be reasonable for the work performed in this case, resulting in a fee award of $4,864.

### IV.  Conclusion

For the reasons set forth above, I recommend that the Court **grant** Defendants' motion for sanctions and attorney fees (ECF No. 18) with regard to the fee request under 42 U.S.C. § 1988 and **deny** the motion for fees under 28 U.S.C. § 1927 and the Court's inherent power. I further recommend that the Court award Defendants $4,864 in fees and expenses of $106.05 against Plaintiff.

Dated: July 31, 2023                                  /s/ Sally J. Berens
                                                      SALLY J. BERENS
                                                      U.S. Magistrate Judge

### NOTICE TO PARTIES

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

---

[3] Plaintiff's assertion that counsel billed 6.4 hours for the brief is incorrect. Counsel billed 6.2 hours for the brief and .2 hour for preparation of a letter to Plaintiff's counsel. (ECF No. 18-3 at PageID.382.)