UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH JOHNSON,

    Plaintiff,

v.

COUNTY OF KALAMAZOO, et al.,

    Defendants.
_____/

Case No. 1:23-cv-138

HON. JANE M. BECKERING

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. The matter is presently before the Court on Defendants' and Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

In the initial case ("*Johnson I*"), Plaintiff sued Deputy Clair Sootsman, Defendant Chantel Einhardt, and Deputy Taliah Harris for Eighth Amendment violations based on an alleged use of force against Plaintiff (Report and Recommendation re: Defendants' Motion to Dismiss, ECF No. 15 at PageID.349–350). The Court entered Judgment in *Johnson I*, and on October 2, 2022, Plaintiff filed an action ("*Johnson II*") in the Kalamazoo County Circuit Court against the County and Deputy Sootsman for assault and battery and vicarious liability based on the same incident as that in *Johnson I* (ECF No. 11-2). The state court granted the County's motion for summary judgment on the ground that the Michigan Constitution does not provide a damages remedy for

violations by a local government (ECF No. 11-6). The state court dismissed the case on February 6, 2023 (ECF No. 11-5).

Plaintiff filed his Complaint in the instant action on February 6, 2023, alleging a failure-to-intervene claim against Defendant Einhardt and *Monell* claims against Captain Greenlee and the County based on the same incident as that which was the subject matter of *Johnson I* and *II* (ECF No. 1). On April 21, 2023, the Magistrate Judge issued a Report and Recommendation (R&R) (ECF No. 15), recommending that Defendants' motion to dismiss the action be granted, which the Court adopted without objection on May 8, 2023 (ECF Nos. 16 & 17). Defendants subsequently filed a motion for sanctions and attorney fees and expenses, seeking an award as the prevailing party pursuant to 42 U.S.C. § 1988(b) and as sanctions under 28 U.S.C. § 1927 and this Court's inherent powers (ECF No. 18 at PageID.361). The Magistrate Judge issued a Report and Recommendation, recommending that this Court grant Defendants' motion for sanctions and attorney fees with regard to the fee request under 42 U.S.C. § 1988(b) and deny the motion for fees under 28 U.S.C. § 1927 and the Court's inherent power (ECF No. 21 at PageID.418). These objections followed.

***Defendants' Objection***

Defendants object to the Magistrate Judge's determination that 28 U.S.C. § 1927 provides no basis for sanctions against Plaintiff's counsel (ECF No. 22 at PageID.420). According to Defendants, the Magistrate Judge's conclusion that "counsel's only activity in this case was filing the complaint, which initiated, but could not have multiplied the proceedings" is "legally and factually erroneous" (*id.* at PageID.421 (quoting R&R, ECF No. 21 at PageID.415)). Defendants' argument lacks merit.

Under 28 U.S.C. § 1927, courts may award sanctions against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." Courts may award sanctions under

this section "when an attorney knows or reasonably should know that a claim pursued is frivolous" and yet continues to litigate it. *Waeschle v. Dragovic*, 687 F.3d 292, 296 (6th Cir. 2012). As set forth by the Magistrate Judge (ECF No. 21 at PageID.415), "[c]ourts generally do not impose sanctions under 28 U.S.C. § 1927 based on the filing of an initial complaint that turns out to be meritless." *Beverly v. Shermeta L. Grp., PLLC*, No. 2:19-CV-11473-TGB, 2020 WL 2556674, at *1 (E.D. Mich. May 20, 2020) (citing cases). Accordingly, the Magistrate Judge recommended against an award because counsel's only activity in this case was filing the complaint, which could not have multiplied the proceedings (ECF No. 21 at PageID.415).

Defendants cite *King v. Whitmer*, 71 F.4th 511, 530 (6th Cir. 2023), for the proposition that sanctions are available following pleadings-based motions, particularly where counsel refuses to dismiss a frivolous complaint (ECF No. 22 at PageID.422). In *King*, the Sixth Circuit affirmed a sanction against parties who conceded in a petition to the Supreme Court that their case would become moot on a date certain, and then declined to voluntarily dismiss the case based on a "makeweight" excuse that the district court lacked jurisdiction to dismiss the case while it was on appeal. *King*, 71 F.4th at 530. The Court reads the outcome of *King* to be particularized to its facts. In the case at bar, there was no admission of mootness or other procedural defect by the parties, as there was in *King*. Sanctions are not appropriate where, as here, counsel's sole activity was filing the complaint. Defendants' objection is therefore denied.

***Plaintiff's Objection***

Plaintiff objects to the Magistrate Judge's award of attorney fees to defendants under 42 U.S.C. § 1988(b) (ECF No. 23 at PageID.426–27). Plaintiff argues that because the Magistrate Judge "expressly did not find bad faith on behalf of Plaintiff or Plaintiff's counsel," and because Plaintiff "had a reasonable *substantive* factual basis to believe he had been legally wronged," such fees cannot be awarded (*id.*) (emphasis in original).

3

Plaintiff's argument fails to demonstrate any error in the Magistrate Judge's analysis. Attorney fees may be awarded to prevailing defendants only when the plaintiff's claim "was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). The Magistrate Judge correctly noted that "a showing of bad faith is unnecessary, but such a finding would justify an award" of fees under § 1988 (ECF No. 21 at PageID.412) (citing *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 183 (6th Cir. 1985)). The Sixth Circuit has held that an award of fees is justified where a plaintiff "filed identical allegations in three lawsuits." *Yinger v. City of Dearborn*, 132 F.3d 35 (6th Cir. 1997). Here, res judicata clearly barred Plaintiff's claims: first, *Johnson I* barred Plaintiff's failure-to-intervene claim against Defendant Einhardt; second the Court's finding of no constitutional violation by Defendant Sootsman barred any *Monell* claim against the County and Greenlee; and third, *Johnson II* barred the *Monell* claim because the *Monell* claim was based on the same transaction or occurrence as that against the County in *Johnson II*. Plaintiff fails to dispute that res judicata barred his claims; instead, he merely attempts to distinguish the bad faith present in *Yinger* from that which is apparently lacking in this case (ECF No. 23 at PageID.431). No matter how "justified" Plaintiff is in "believing he has been legally wronged" (ECF No. 23 at PageID.429), Plaintiff is not entitled to circumvent the principles of res judicata. Based on the two prior decisions on the merits, Plaintiff's claims were frivolous and unreasonable. Plaintiff's objection is therefore also properly denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF Nos. 22 & 23) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 21) is APPROVED and ADOPTED as the Opinion of the Court.

5

**IT IS FURTHER ORDERED** that Defendants' Motion for Sanctions and Attorney Fees (ECF No. 18) is GRANTED IN PART and DENIED IN PART for the reasons stated in the Report and Recommendation.


Dated:  December 5, 2023                                         /s/ Jane M. Beckering
                                                                JANE M. BECKERING
                                                                United States District Judge